SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
STEVEN B. SACKS, Cal. Bar No. 98875
MATT R. KLINGER, Cal. Bar No. 307362
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
Telephone:    415.434.9100
Facsimile:    415.434.3847
Email:    ssacks@sheppardmullin.com
              mklinger@sheppardmullin.com

Attorneys for Plaintiff CORIE CROWE

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>KAHALA COURTDEYA DRAIN,<br><br>　　　　Debtor, | Case No.: 17-41007<br><br>Chapter 13 |
| CORIE CROWE, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KAHALA COURTDEYA DRAIN,<br><br>　　　　Defendant. | Adv. Pro. No. 17-04045<br>_____<br><br>**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT KAHALA COURTDEYA DRAIN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　　　March 9, 2018<br>Time:　　　11:00 a.m.<br>Place:　　　United States Bankruptcy Court<br>　　　　　　Courtroom 215<br>　　　　　　1300 Clay Street,<br>　　　　　　Oakland, CA 94612<br>Judge:　　Honorable Charles Novack |

-1-
SMRH:485542246.1　　　　　　　　　　　　　　　Case No. 17-04045
                                          MOTION FOR DEFAULT JUDGMENT
Case: 17-04045    Doc# 32    Filed: 02/08/18    Entered: 02/08/18 13:03:09    Page 1 of 7

Ms. Corie Crowe, the plaintiff ("Ms. Crowe" or the "Plaintiff") in the above-captioned adversary proceeding (the "Adversary Proceeding") hereby files this *Plaintiff's Motion for Entry of Default Judgment Against Defendant Kahala Courtdeya Drain* (the "Motion"), by which she respectfully requests this Court enter a default judgment against Kahala Courtdeya Drain (the "Defendant") in the Adversary Proceeding.

The Motion is supported by the discussion in the Memorandum of Points and Authorities below, the declaration of Matt R. Klinger (the "Klinger Declaration") filed concurrently herewith, the default entered by the Clerk of Court on January 23, 2018 [Dkt. No. 28], the Plaintiff's Complaint filed on July 18, 2017, [Dkt. No. 1], and all other papers and pleadings on file with the Court in this matter.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Defendant does not intend to litigate this Adversary Proceeding. Her prior counsel in this matter has recently withdrawn and, before doing so, informed the Court that the Defendant did not intend to answer the Plaintiff's Complaint and that the Defendant would allow for entry of a default judgment. The Plaintiff has already obtained an entry of default against the Defendant, who failed to seek relief from that default. The Plaintiff now requests that the Court enter a default judgment.

## II.

## STATEMENT OF FACTS

On July 18, 2017, the Plaintiff filed her *Complaint to Determine that the Claim of Corie Crowe is Non-Dischargeable Pursuant to 11 U.S.C. § 523(a)(6)* (the "Complaint"). By way of the Complaint, the Plaintiff respectfully requested this Court enter a judgment that the full amount of the debt that the Defendant in the Adversary Proceeding, owes to the Plaintiff pursuant to the Medical Expenses Order (as defined below) is non-dischargeable under 11 U.S.C. § 523(a)(6) as a debt arising from the Defendant's willful and malicious injury of the Plaintiff.

The "Medical Expenses Order" is that certain order entered by the Superior Court of California, County of Alameda (the "State Court"), on June 20, 2016 in *Crowe v. Drain*, Case No. RG15757687. A copy of the Medical Expenses Order is attached to the Klinger Declaration as Exhibit A. The Medical Expenses Order explicitly states that: (i) Ms. Crowe was the victim of an "assault" by the Defendant, (ii) the attack was "unprovoked," (iii) Ms. Crowe received "emergency medical treatment" following the assault, and (iv) Ms. Crowe was entitled to recover damages from the Defendant in the amount of $6,734.15 for the medical expenses she incurred in connection with the assault. No appeal was taken from the Medical Expenses Order.

1       On July 24, 2017, this Court issued its *Summons and Notice of Telephonic Status Conference in an Adversary Proceeding* (the "Summons"). [Dkt. No. 4].

      On July 26, 2017, the Plaintiff properly served the Complaint and Summons on the Defendant via U.S. mail. True and correct copies of the Complaint, the Summons, and the relevant certificate of service are attached to the Klinger Declaration as Exhibit B.

      On August 31, 2017, counsel for the Plaintiff and the Defendant filed their *Stipulation Appointing Resolution Advocate and Assignment to the Bankruptcy Dispute Resolution Program*. [Dkt. No. 9]. Thereafter, the parties participated in settlement negotiations under the auspices of the Bankruptcy Dispute Resolution Program ("BDRP").

      On January 5, 2018, the parties filed their *Joint Status Conference Statement* in which they represented, among other things, that their settlement negotiations had ended and that no settlement had been reached. [Dkt. No. 24].

      On January 8, 2018, at a status hearing in the Adversary Proceeding, Defendant's then counsel of record stated that the Defendant believes the economics of litigating this issue are less than desirable, that the Defendant did not intend to answer the Complaint, and that she would allow for entry of a default judgment. Counsel Statement at January 8, 2018 hearing at 00:40-2:41.

      On January 23, 2018, the Clerk of this Court entered a default against the Defendant. [Dkt. No. 28].

      On January 30, 2018, the Defendant stipulated to substitute herself, in pro se, in the place and stead of her counsel of record in this proceeding. [Dkt. No. 30]. On January 31, 2018, this Court entered its order approving that stipulation. [Dkt. No. 31].

      As of the date of this Motion, the Defendant has not filed an answer or other pleading responding to the Complaint.

      The Defendant is not a minor, incompetent or in the military.

### III.

### ARGUMENT

-4-

Case No. 17-04045

MOTION FOR DEFAULT JUDGMENT

SMRH:485542246.1

Case: 17-04045    Doc# 32    Filed: 02/08/18    Entered: 02/08/18 13:03:09    Page 4 of 7

## A. Default Judgment Should be Granted Because the Seven Factor *Eitel* Test is Met

After the clerk's entry of default, a court may enter default judgment. Fed. R. Bankr. P. 7055(b). Courts in the Ninth Circuit evaluate the seven factor test in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). This is a lenient standard for the moving party as other courts state that "default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc*., 219 F.R.D. 494, 498 (C.D. Cal. 2003). The seven factors are as follows: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits. *Eitel,* 782 F.2d at 1471-72.

### 1. There Would be Prejudice to the Plaintiff if Default Judgment is Not Entered

The Defendant no longer has counsel and the Defendant has indicated that she does not intend to litigate this matter. Without a default judgment, the Plaintiff would be left without a remedy in this case, prejudicing her ability to obtain relief.

### 2. The Claim Has Merit; the Complaint is Sufficient

The Plaintiff meets these two *Eitel* factors. The Complaint alleges that the full amount of the Plaintiff's claim against Defendant, plus all applicable interest, arises from the Defendant's "willful and malicious injury" of the Plaintiff and is therefore non-dischargeable in the Defendant's bankruptcy case under 11 U.S.C. § 523(a)(6). By way of the Medical Expenses Order, the State Court has already determined that the Defendant willfully and maliciously injured Ms. Crowe. The Medical Expenses Order specifically states that the Defendant led an "attack" on Ms. Crowe, that this attack was "unprovoked," and that Ms. Crowe incurred expenses for emergency medical treatment for injuries she sustained during the attack. The Defendant never appealed the Medical Expenses Order.

### 3. The Sum of Money at Stake is Reasonable

Here the Plaintiff only seeks a judgment that the amount of money she is owed under the Medical Expenses Order, plus all interest applicable under law, is non-dischargeable. The Medical Expenses Order awards the Plaintiff $6,734.15 in reimbursement for her actual medical expenses and specifically states that this sum is awarded "according to proof submitted." To date, the Defendant has failed to pay the Plaintiff even a penny of this award, making it subject to the per annum interest rate provided in Cal. Code Civ. P. § 685.010. Thus, in light of the harm the Defendant caused the Plaintiff, the sum of money at stake in this matter is reasonable.

### 4. There is No Reasonable Possibility of Dispute

In the Complaint, the Plaintiff made well-pleaded allegations that support her claim. Those allegations are based upon issues that were already litigated before the State Court, as reflected in the Medical Expenses Order. The Defendant lost that litigation and chose not to appeal.

Moreover, the Defendant is no longer represented by counsel and she has indicated that she does not intend to litigate the Complaint.

### 5. There is No Excusable Neglect

For the first six months after the Complaint was filed, the Defendant was represented by counsel in this adversary proceeding. That counsel withdrew from this proceeding only after representing the Defendant in extensive negotiations with Plaintiff, including negotiations conducted under the auspices of the Bankruptcy Dispute Resolution Program. The Defendant has had ample time to defend herself in this matter and has clearly chosen not to do so.

### 6. The Preference for Decisions on the Merits Does Not Weigh Against Default Judgment Here

In this case a decision on the merits does not seem possible. The Defendant no longer has counsel for this matter and has indicated she does not intend to litigate this action. Thus this last factor does not weight against granting default judgment.

### B. The Defendant is Sufficiently on Notice of This Motion

The notice provision of Fed. R. Bankr. P. 7055(b)(2) provides that "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with a written notice of the application at least 7 days before the hearing." As the Certificate of Service filed concurrently herewith shows, Plaintiff has served the Defendant with notice of this Motion more than seven days before the hearing on such motion and in compliance with Bankruptcy Local Rule 9014-1(c).

## IV.

## CONCLUSION

WHEREFORE, the Plaintiff requests that the Court grant this Motion and enter a default judgment against the Defendant.

Dated: February 8, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    */s/ Matt R. Klinger*
STEVEN B. SACKS
MATT R. KLINGER

Attorneys for Plaintiff
CORIE CROWE